IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAMERON DAVENPORT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ASHLEY HENSLEY; SINGLE SOURCE | § | CIVIL ACTION NO. H-21-2311 |
| LEASING, LLC; SINGLE SOURCE | § | |
| LEASING, INC.; THE KAPLAN | § | |
| TRUCKING COMPANY; and | § | |
| TRANSPORT ENTERPRISE LEASING, | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On June 14, 2021, plaintiff Kameron Davenport ("Plaintiff") filed this action against defendants Single Source Leasing, LLC; Single Source Leasing, Inc. (the "Single Source Defendants"); Ashley Hensley; the Kaplan Trucking Company ("Kaplan"); and Transport Enterprise Leasing, LLC ("Transport") (collectively, "Defendants") in the 152nd Judicial District Court in Harris County, Texas.[1] Defendants removed the action on July 16, 2021.[2] On July 23, 2021, Transport filed Defendant Transport Enterprise Leasing, LLC's Rule 12(b)(6) Motion to Dismiss

---

[1]Plaintiff's Original Petition, Exhibit B to Defendants' Notice of Removal ("Notice of Removal"), Docket Entry No. 1-2, p. 4. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Notice of Removal, Docket Entry No. 1.

("Transport's Motion") (Docket Entry No. 3). For the reasons explained below, Transport's Motion will be granted.

## I. Factual Background

Plaintiff was involved in a motor vehicle collision on April 2, 2021, near Interstate 10 eastbound in Channelview, Harris County, Texas.[3] Plaintiff was driving eastbound on Interstate 10 in the center lane.[4] Plaintiff alleges that Defendant Ashley Hensley was driving an eighteen-wheeler eastbound in the right lane of Interstate 10 when he made an unsafe lane change into Plaintiff's lane, colliding with the passenger side of Plaintiff's vehicle.[5] Plaintiff alleges that Hensley "was in the course and scope of his employment with and operating under the Federal Motor Carrier authority of [Kaplan] and/or Defendant Single Source Leasing, LLC, and/or Defendant Single Source Leasing, Inc."[6]

Plaintiff alleges negligence and gross negligence against Hensley[7] and negligent entrustment against Kaplan, the Single

---

[3]Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, p. 6; Transport's Motion, Docket Entry No. 3, p. 2.

[4]Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, p. 6.

[5]Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, p. 6; Transport's Motion, Docket Entry No. 3, pp. 2-3.

[6]Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, p. 6; see also Transport's Motion, Docket Entry No. 3, p. 3.

[7]Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, pp. 7-8.

Source Defendants, and Transport.[8] Plaintiff also alleges negligence, gross negligence, and respondeat superior liability against Kaplan and the Single Source Defendants.[9] Transport filed its Motion on July 23, 2021,[10] but Plaintiff has not responded.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a party to move that the court dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

## III. Analysis

Although Transport's Motion was filed on July 23, 2021, Plaintiff has not filed a response. "Failure to respond to a motion will be taken as a representation of no opposition." S.D.

---

[8] Id. at 8.

[9] Id. at 9-10.

[10] Transport's Motion, Docket Entry No. 3.

Tex. Local Rule 7.4. "However, a court cannot automatically grant a dispositive motion upon a party's failure to respond; instead, the court must consider the merits of the motion." James v. Dasilva Transport, Inc., Civil Action No. 4:19-CV-592, 2021 WL 3733017, at *2 (S.D. Tex. June 24, 2021).

Plaintiff's only claim against Transport is for negligent entrustment.[11] The basis for this claim is Plaintiff's allegation that "[Transport] entrusted the trailer being towed to Defendant Ashley Hensley[,]" whom Plaintiff alleges was "unlicensed, incompetent, and/or reckless . . . ."[12] To establish liability for negligent entrustment, a plaintiff must show that (1) the owner of a vehicle entrusted it to another person; (2) that person was an unlicensed, incompetent, or reckless driver; (3) at the time of the entrustment, the owner knew or should have known that the driver was unlicensed, incompetent, or reckless; (4) the driver was negligent; and (5) the driver's negligence proximately caused plaintiff's injury. See Goodyear Tire and Rubber Co. v. Mayes, 236 S.W.3d 754, 758 (Tex. 2007) (citing Schneider v. Esperanza Transmission Co., 744 S.W.2d 595, 596 (Tex. 1987)).

Plaintiff does not allege that Transport knew or should have known that Hensley was unlicensed, incompetent, or reckless. Moreover, Plaintiff alleges no facts to support his allegation that

---

[11]Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, p. 8.

[12]Id.

-4-

Transport entrusted the trailer to Hensley. Plaintiff does not allege, for instance, that there was an employer/employee relationship between Transport and Hensley or that Transport leased the trailer to Hensley. Plaintiff's allegation that Transport entrusted the trailer to Hensley is the type of "mere conclusory" statement that the court need not credit when deciding on a Rule 12(b)(6) motion. See Iqbal, 129 S. Ct. at 1949. The court concludes that Plaintiff has failed to state a claim of negligent entrustment against Transport.

## IV.  Conclusion and Order

For the reasons explained above, the court concludes that Plaintiff has not stated a plausible claim to relief against Transport. Accordingly, Defendant Transport Enterprise Leasing, LLC's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 3) is **GRANTED**, and Plaintiff's claim against Transport is **DISMISSED with PREJUDICE**.

**SIGNED** at Houston, Texas, on this 21st day of October, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE